Slip Op. 10 - 92

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| BP OIL SUPPLY COMPANY,<br>Plaintiff,<br>v.<br>UNITED STATES,<br>Defendant. | Before: R. Kenton Musgrave, Senior Judge<br>Court No. 04-00321 |

**OPINION AND ORDER**

[Granting in part and denying in part the defendant's motion to strike with respect to the plaintiff's motion to stay the Court's scheduling order.]

Dated: August 13, 2010

*Galvin & Mlawski* (*John Joseph Galvin*), for the plaintiff.

*Tony West*, Assistant Attorney General; *Barbara S. Williams*, Attorney-In-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Marcella Powell*), for the defendant.

Musgrave, Senior Judge: On June 15, 2010, Plaintiff BP Oil Supply Company ("BP") moved to stay the Court's scheduling order in this matter for the purpose of interposing on the defendant certain requests for admission. *See* Pl.'s Mot. for Order Staying Ct.'s Scheduling Order to Permit Pl. Time to Interpose Req. for Admis. ("Pl.'s Mot."). In response, Defendant U.S. Customs and Border Protection ("CBP" or "the government") moved to have the entirety of BP's motion stricken from the record on the ground that evidence offered therein is inadmissible under

Rule 408 of the Federal Rules of Evidence ("FRE 408"). *See* Def.'s Mot. to Strike at 1. For the reasons set forth below, the government's motion to strike will be granted in part and denied in part.

*Background*

According to the complaint, BP allegedly imported "API Class III" crude petroleum from various foreign countries, paid duties thereon, exported API Class III Alaskan North Slope crude petroleum, and filed a claim with CBP for duty drawback, claiming that the latter satisfied the statutory substitution requirements of the former. Upon denial of that claim and its protest thereof, BP commenced this action, invoking this Court's jurisdiction under 28 U.S.C. § 1581(a). After a brief stint on the Court's reserve calendar, the first of several scheduling orders was issued on November 29, 2006, and this matter has been in discovery and/or settlement negotiations since that time. On March 10, 2010, the court lifted a previously-imposed stay on the scheduling order and granted BP's consent motion in what had appeared to be the final amendment to the scheduling order before trial. Pursuant to that order, discovery was to be completed by March 20, 2010, and dispositive motions were to be filed with the Court no later than June 15, 2010. However, on June 15, 2010, BP again moved to stay the scheduling order for the limited purpose of serving on the defendant requests for admission on certain issues. *See* Pl's. Mot. at 3.

BP's motion, submitted pursuant to Rules 6(b), 7, and 16 of the Court's Rules, states that the court should grant its request "for the reasons set forth below." However what follows that statement is not reasoning *per se*, but a short narrative of events concerning the parties' recent attempts to resolve which facts are "not in issue" for the purposes of the pending litigation. This narrative is punctuated with block-quoted emails from government counsel expressing disagreement

with, *inter alia*, BP's proposed stipulation of facts. *See* Pl.'s Mot. at 1, 2. The motion concludes without comment, requesting simply that the stay be granted "[i]n view of the foregoing . . . ." Pl.'s Mot. at 3. As to the substance of the motion, the court notes only that BP appears to be frustrated by the government's refusal to concede that three of the imported crude types are "commercially interchangeable" with the exported crudes in spite of allegedly contrary views expressed by the government's own expert witnesses. Pl.'s Mot. at 1. Attached to BP's motion is (1) a March 25, 2010 letter from BP to government counsel discussing reports prepared by government expert witnesses; (2) a proposed "Stipulated Judgment on Agreed Statement of Facts"; (3) a June 11, 2010 letter from BP to government counsel debating whether CBP may "reliquidate partial claims"; and (4) a document entitled "Schedule of Stipu[l]able Partial Claims." *See* Pl.'s Mot. at Attach. A, B, C.

By way of response, the government has filed a motion to strike BP's motion on the ground that it used "confidential settlement communications" in a manner specifically prohibited by FRE 408. According to the government, BP impermissibly offered evidence of "confidential settlement communications both as a justification for its request to reopen discovery and as a basis for obtaining admissions," and asserts that "[t]he underlying premise of [BP's] motion is that its request to reopen discovery is justified because the confidential settlement negotiations demonstrate the merits of its claims . . . ." Def's. Mot. at 5. Accordingly, states the government, the court should strike BP's motion in its entirety and order that it be refiled without the prohibited evidence.

BP disagrees with the government's characterization of its motion, arguing that neither the letters accompanying the motion nor the emails quoted therein constitute "confidential settlement communications." Pl.'s Resp. at 4. BP asserts that the communications contain no offers

of compromise and that all of the materials "rely upon or reference" testimony of the government's experts. *Id*. BP contends further that, even if the disputed evidence were found to be settlement communications, it would not be excluded by FRE 408 because the materials (1) only contain "otherwise discoverable" evidence; and (2) were included in the motion for the sole purpose of "negat[ing] any contention of undue delay on plaintiff's part." *Id*.

*Discussion*

FRE 408 provides:

> Rule 408. Compromise and Offers to Compromise
>
> (a) **Prohibited uses**. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
>> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
>>
>> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) **Permitted uses**. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

The rationale underlying Rule 408 is twofold: First, the rule promotes the settlement of disputes prior to litigation by recognizing that compromises are more likely to result when parties are free to speak openly during settlement negotiations and are not inhibited by the fear that

statements made therein may later be used against them. *Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.,* 332 F.3d 976, 980 (6th Cir. 2003). Second, the rule seeks to exclude irrelevant or unreliable evidence, recognizing that parties will often settle disputes for reasons completely unrelated to the merits of a claim. *Goodyear*, 332 F.3d at 981.

Significantly, FRE 408 permits the use of evidence of settlement negotiations "for purposes not prohibited by subdivision (a)," *i.e.,* for a purpose other than to prove or disprove the validity of the claims that the offers were meant to settle. Examples of uses "permitted" by the rule include proving " a witness's bias or prejudice"; "negating a contention of undue delay"; or proving that a party had breached the settlement agreement. Fed. R. Evid. 408(b); 2006 Amendment Adv. Com. Note.

Hence, the two questions that must be resolved on the instant motion are (1) whether the evidence set forth in BP's motion constitutes "confidential settlement communications," and (2) if so, whether that evidence is being offered for an improper purpose, *e.g.*, "to prove liability for . . . or amount of" the claims at issue in this dispute. Further, the court may consider whether admitting the evidence would be contrary to "the public policy of encouraging settlements and avoiding wasteful litigation." *Trebor Sportswear, Starter Corp. v. Converse, Inc*., 170 F.3d 286, 293 (2d Cir. 1999).

As to the letters of March 25, 2010 and June 11, 2010, the court agrees that they do not fall within the prohibition of FRE 408. Although the letters are communication that occurred within the context of "compromise negotiations," the information contained in the letters is admissible on other grounds. The March 25, 2010 letter contains only BP's brief summary of the

reports generated by the government's expert witnesses. Expert witness reports are independently admissible (in fact, required) by USCIT R. 26 and cannot be excluded by their use in settlement negotiations. The June 11, 2010 letter appears to be nothing more than BP's views on a purely legal question. Accordingly, these letters are not excluded by FRE 408.

Of more concern, however, is BP's direct quotation of emails sent by government counsel in response to certain of BP's proposals. The emails divulge the government's position regarding which concessions it was willing and unwilling to make, particularly as to the commercial interchangeability of certain crudes. Although the emails may be related to government expert reports, the discussion therein is focused on the government's disagreement with BP on several issues, including BP's proposed stipulation of material facts. And although the emails contain no express offers to compromise, the statements therein certainly appear to be "made in compromise negotiations regarding the claim." Fed. R. Evid. 408(a)(2).

Finally, although the exact extent of the dispute is not entirely clear at this point in the litigation, BP's proposal of stipulated facts (and related documents) is in the nature of a proposed settlement as applied to certain crudes and appears to be precisely the type of communication described in FRE 408(a). If used for a prohibited purpose, proposals of this nature are inadmissible even if offered by the party making the proposal. *See Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 828 (2d Cir. 1992).

In that regard, the court must reject BP's contention that the sole purpose of the evidence was to "negate any contention of undue delay" that could have been levied against BP for requesting the stay. The use of the word "negate"in FRE 408 is an indication that although

settlement-negotiation evidence may be used to *rebut* a claim that a party engaged in undue delay, the evidence is inadmissible "unless the door is first opened by a party raising the issue of undue delay." *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 808 (6th Cir. 2007). *See* Charles Alan Wright and Kenneth W. Graham, Jr., 23 *Fed. Prac. & Proc.* § 5312 (2010) (noting that "the offeror cannot himself raise the issue of delay as a justification for the admission of the evidence").

Finally, the court is compelled to observe that, although unstated, the evidence provided in BP's motion to stay the scheduling order presumably is being offered, at least in part, for the purpose of convincing the court to grant the motion, *i.e.*, that it somehow speaks for itself of "good cause" pursuant to USCIT R. 16. Settlement-negotiation evidence might be permissible for that purpose under certain circumstances, but the evidence encompassed by this motion does not pertain solely, or even necessarily, to demonstrating "good cause" under USCIT R. 16. Rather, the evidence appears in large measure as "proof" of BP's position on the issue of the commercial interchangeability of certain crudes.

The burden is on the plaintiff to prove its case. In the legal course thereof, the government has every right, within reason, to dispute a fact as to its legal conclusion, in this instance as to those crudes' commercial interchangeability. Prudence therefore dictates that it would be exceedingly unwise for the court to give any consideration to these materials or to allow them to become part of the record. The emails, proposed stipulation of facts, and documents related to that proposal are therefore inadmissible on this motion pursuant to FRE 408 and its underlying policies. In the interests of judicial economy, however, these items will be disregarded by the court rather than stricken from the record.

*Conclusion*

Upon consideration of the foregoing, the government's motion to strike is granted in part and denied in part, and the disputed evidence contained in BP's motion will be treated in accordance with the court's findings as discussed above. The government shall therefore either consent to BP's motion to stay the scheduling order or submit its response to the motion not later than 10 days from the date of this order.

SO ORDERED.

/s/ R. Kenton Musgrave
R. KENTON MUSGRAVE, Senior Judge

Dated: August 13, 2010
New York, New York

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: August 13, 2010

By: /s/ Steve Taronji
Deputy Clerk